**Robert Jay MASSEY, Plaintiff–Appellant,**

v.

**D. COOK; et al., Defendants–Appellees.**

No. 03–35901.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 14, 2004.*

Decided Oct. 22, 2004.

Before: KLEINFELD, TASHIMA, and GOULD, Circuit Judges.

MEMORANDUM **

Robert Jay Massey, a former Oregon state prisoner, appeals pro se the district court's grant of summary judgment dismissing his 42 U.S.C. § 1983 action alleging prison officials violated his First, Eighth, and Fourteenth Amendment rights. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment. *May v. Baldwin,* 109 F.3d 557, 560–61 (9th Cir.1997). We affirm.

The district court properly granted summary judgment on Massey's First Amendment claim because he failed to demonstrate any material issues of fact as to whether his access to the prison's grievance system was unreasonably restricted

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

or whether prison officials retaliated against him for using that process. *See Pratt v. Rowland,* 65 F.3d 802, 806–07 (9th Cir.1995) (concluding that the record contained no evidence to establish the crucial link between the prisoner's actions and the alleged retaliation); *see also United States v. Shumway,* 199 F.3d 1093, 1104 (9th Cir.1999) (finding that conclusory affidavits do not establish a genuine issue of material fact).

The district court properly granted summary judgment on Massey's claim that prison officials' refusal to remove a snoring cellmate violated his Eighth Amendment rights because he failed to raise a genuine issue of material fact as to whether any prison official knew of and disregarded an excessive risk to inmate health or safety. *See Farmer v. Brennan,* 511 U.S. 825, 834–37, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).

The district court did not abuse its discretion in denying Massey's motion to amend the complaint because he repeatedly failed to comply with local rules, a motion for summary judgment was pending, and amendment would not have cured the complaint's deficiencies. *See Morongo Band of Mission Indians v. Rose,* 893 F.2d 1074, 1076–79 (9th Cir.1990) (discussing factors to be considered in permitting amendment).

AFFIRMED.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.